## GREENLEAF C. NEALLY *versus* THOMAS A. AMBROSE and Trustees.

One summoned under the trustee process, is not excused from answering interrogatories on the ground that they tend to the discovery of fraud on his part, which may render him responsible as trustee out of his own property, provided they do not tend to charge him criminally.

Under a common assignment of an insolvent debtor's goods in trust for his creditors, empowering the trustee to sell the goods in such manner as he may consider expedient and most for the interest of all parties, the trustee has authority to sell on a credit.

AMBROSE made a general assignment of his property to I. O. Barnes and T. P. Goodhue, in trust to pay certain creditors. The plaintiff, who was a creditor of Ambrose, but who did not become a party to the assignment, brought this action against Ambrose, and summoned the assignees as his trustees.

The plaintiff's interrogatories inquire of the trustees, whether they have received any property of the principal defendant by assignment, and if so, request them to annex a copy of the assignment and schedule of debts ; what was the amount and origin of the several claims of the creditors ; what proof the assignees have received of the debts ; when the notes, if any, held by creditors, were made ; whether any of them were antedated, and if so, why ; what was the consideration of such notes ; whether the assignees recommended the making of them, and what was said respecting them by and to Ambrose , whether such notes were for *bonâ fide* debts, or how otherwise ; and what has become of the property assigned and the proceeds of it.

The answers of Barnes and Goodhue admit that Ambrose made an indenture of assignment to them, (which they produce,) of a stock of goods in a shop, to be by them holden in trust and applied to the benefit of his creditors, who should become parties ; that the trustees sold all the goods to one George, for $8230·37, and received therefor six promissory notes of George, of which one only was due and no one was paid when the writ was served on the trustees ; that the goods were afterwards attached as the property of Ambrose, the assignment being alleged to be fraudulent ; that they were

<div style="margin-left:2em">

Neally
v.
Ambrose
and Trs.

</div>

replevied by George, who recovered and held the goods , that the action of replevin was pending when the writ in this case was served, and the trustees did not enforce payment of the notes, because of the pendency of the attachment and replevin.

Upon these facts the respondents supposed they had discharged themselves, and declined answering further.

The assignment transfers to Barnes and Goodhue the debtor's whole stock of goods, amounting, according to a schedule annexed, to $9825·37, in trust to take possession of the goods and reduce the whole to cash, by selling the same at public or private sale in such manner and at such times as the trustees might consider expedient and most for the interest of all parties, and to apply the cash proceeds to pay expenses and certain creditors, and to indemnify certain indorsers, and then to pay the surplus, if any, to Ambrose or his order.

*Oct. 20th, 1837.*

*F. Dexter, Smith* and *Hopkinson,* for the plaintiff, said that the respondents were not at liberty to decline answering all the interrogatories, because they may have made out a *primâ facie* case for a discharge ; that the questions had a tendency to discover a fraudulent design to secure the property against an attachment by the trustee process, which, if proved, would render the respondents liable in this suit. *Hooper* v. *Hills & Tr.* 9 Pick. 435.

*H. H. Fuller* and *Washburn,* for the respondents, cited *Guild* v. *Holbrook & Trs.* 11 Pick. 101.

*Oct. 21st.*

*Per Curiam.* We think the trustees are bound to answer these interrogatories tending to draw out such facts as would prove the assignment fraudulent. The court interpose in behalf of the trustee, only where the interrogatory is plainly immaterial, or has a tendency to charge him criminally. The fact that he may suffer in his property, merely, does not excuse him from answering. [See *Devoll* v. *Brownell,* 5 Pick. 448.]

*Trustees to answer further.*

*Oct. 16th, 1838.*

*Dexter* afterwards stated, that if the assignees had sold the goods for cash, they would have had funds to be applied under this process to the plaintiff's demand, and he contended that by selling upon a credit they had exceeded the authority given them by the assignment, and so had made themselves chargeable as if they had received cash.

*Per Curiam.* This is a claim to charge the trustees, who took property of the principal defendant under a common trust assignment, for creditors, on the ground that they had no authority to sell a stock of goods on credit, and having so done, they are chargeable as for so much in money. The Court are of opinion that the assignees had authority to sell the goods on credit, and in the absence of all proof of fraud, they are not personally answerable for the same in money.